UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                :
 UNITED STATES OF AMERICA       :
                                :
            - v. -              :   **SEALED INDICTMENT**
                                :
 FOSTER COOLEY,                 :   22 Cr.
                                :
            Defendant.          :   22 CRIM 651
                                :
- - - - - - - - - - - - - - - - X

### COUNT ONE
**(Computer Fraud - Causing Damage to a Protected Computer)**

The Grand Jury charges:

### OVERVIEW

1.      In or about May 2022, FOSTER COOLEY, the defendant, a resident of Arizona, perpetrated a scheme (the "Scheme") to conduct cyber intrusions and steal money from a New York-based company that owns and operates hair salons in New York City, New Jersey, Colorado, and elsewhere ("Victim-1"). COOLEY stole money from Victim-1 by obtaining unauthorized access to Victim-1's account with Victim-1's point-of-sale provider (the "Victim-1 POS Account") and diverting credit card payments from Victim-1's bank accounts to bank accounts controlled by COOLEY and others.

2.      FOSTER COOLEY, the defendant, obtained unauthorized access to the Victim-1 POS Account by obtaining usernames and passwords of Victim-1's employees. Those credentials were stolen

using the "Redline Stealer," which is a type of malicious software or malware that secretly steals, among other things, a victim's usernames, passwords, and credit card information that have been saved in the victim's internet browser.

3.      After FOSTER COOLEY, the defendant, successfully gained unauthorized access to the Victim-1 POS Account, COOLEY changed the bank accounts designated to receive credit card payments from Victim-1's hair salons to bank accounts controlled by COOLEY and others.   As a result, credit card payments from Victim-1's hair salons were fraudulently diverted to COOLEY.

4.      In or about May 2022, for a period of approximately two weeks until the Scheme was discovered by Victim-1, more than $430,000 in customer payments from Victim-1's hair salons, including multiple salons located in the Southern District of New York, were fraudulently diverted to bank accounts controlled by FOSTER COOLEY, the defendant, and others.

### STATUTORY ALLEGATIONS

5.      In or about May 2022, in the Southern District of New York and elsewhere, FOSTER COOLEY, the defendant, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, which caused loss to one and more persons during a one-year period aggregating at least $5,000 in value, to wit, COOLEY obtained unauthorized

2

access to the Victim-1 POS Account and modified the bank accounts designated to receive credit card payments from Victim-1's customers, which impaired the integrity of the Victim-1 POS Account, and caused over $5,000 in loss.

(Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(A)(i)(I), 1030(c)(4)(B)(i), and 2.)

## COUNT TWO
### (Computer Fraud – Unauthorized Access to a Protected Computer to Further Intended Fraud)

The Grand Jury further charges:

6.     The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

7.     In or about May 2022, in the Southern District of New York and elsewhere, FOSTER COOLEY, the defendant, knowingly and with the intent to defraud accessed a protected computer without authorization, and exceeded authorized access, and by means of such conduct furthered the intended fraud and obtained things of value totaling more than $5,000 during a one-year period, to wit, COOLEY obtained unauthorized access to the Victim-1 POS Account and modified the bank accounts designated to receive the credit card payments from Victim-1's customers in order to fraudulently divert the credit card payments to bank accounts under COOLEY's control.

(Title 18, United States Code, Sections 1030(a)(4), 1030(c)(3)(A), and 2.)

3

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

8.   The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

9.   In or about May 2022, in the Southern District of New York and elsewhere, FOSTER COOLEY, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, COOLEY engaged in the above-described Scheme to obtain unauthorized access to the Victim-1 POS Account and to modify the bank accounts designated to receive credit card payments from Victim-1's customers in order to fraudulently divert credit card payments originating, at least in part, in the Southern District of New York, via wire transfers to bank accounts under COOLEY's control.

(Title 18, United States Code, Sections 1343 and 2.)

4

## COUNT FOUR
### (Receipt of Stolen Money)

The Grand Jury further charges:

10.   The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

11.   In or about May 2022, in the Southern District of New York and elsewhere, FOSTER COOLEY, the defendant, received, possessed, concealed, stored, bartered, sold, and disposed of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a State or United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, to wit, COOLEY received, possessed, and used fraudulently diverted credit card payments from Victim-1's customers that were transferred in interstate and foreign commerce to bank accounts under COOLEY's control.

(Title 18, United States Code, Sections 2315 and 2.)

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury further charges:

12.   The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein

13.   In or about May 2022, FOSTER COOLEY, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), and aided and abetted the same, to wit, COOLEY possessed and used, and aided and abetted the possession and use of, login credentials including usernames and passwords of various Victim-1 users during and in relation to the computer fraud and wire fraud offenses charged in Counts One through Three of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1) & (b), and 2.)

### FORFEITURE ALLEGATIONS

14.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, FOSTER COOLEY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1030(i), any and all property, real and personal, constituting or derived from, any proceeds

obtained directly or indirectly, as a result of said offenses, and any and all personal property that was used or intended to be used to commit or to facilitate the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

15.   As a result of committing the offenses alleged in Counts Three and Four of this Indictment, FOSTER COOLEY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

16.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

7

d.    has been substantially diminished in value; or

e.    has been commingled with other property which

cannot be subdivided without difficulty

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

(Title 18, United States Code, Sections 981 and 1030;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


_____          _____
GRAND JURY FOREPERSON                 DAMIAN WILLIAMS
                                      United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FOSTER COOLEY,

Defendant.

## SEALED INDICTMENT

22 Cr.

(18 U.S.C. §§ 1028A(a)(1) & (b),
1030(a)(4) & (5)(A), 1030(c)(3)(A),
1030(c)(4)(A)(i)(I) & (B)(i), 1343,
2315, and 2.)

DAMIAN WILLIAMS
United States Attorney

**TRUE BILL**

GRAND JURY FOREPERSON

12/5/22 - Sealed Indictment Filed. Arrest Warrant issued

USMJ · Figueredo.